FILED
SUPERIOR COURT
OF GUAM

2020 JUN 30 AM 11: 36

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0270-20 |
|---|---|
| vs. | DECISION AND ORDER |
| JUNIOR SALAS GAA, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 29, 2020, for hearing on Defendant Junior Salas Gaa's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present via teleconference with counsel, Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Renaida San Nicolas was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on June 29, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On May 19, 2020, Defendant was charged with two counts of Family Violence (As a Third Degree Felony) and one count of Violation of a Court Order (As a Misdemeanor). (Magistrate's Compl., May 19, 2020). These charges stem from allegations that Defendant was yelling at his wife, Mrs. Julie Gaa, accusing her of cheating on him. (Decl. of Renaida Z. San

*People v. Gaa*
Case No. CF0270-20
Decision and Order

Nicolas, Magistrate's Compl., May 19, 2020). When Mrs. Gaa tried to walk away, Defendant grabbed her and threw her to the ground; grabbed her throat with one hand and covered her nose and mouth with the other. *Id.* Defendant then began to squeeze her neck, preventing her from breathing. *Id.* Defendant then struck her face a few times and eventually let her go. *Id.* Mrs. Gaa ran away, and Defendant later caught up to her. *Id.* GPD officers arrived soon after and had to separate defendant and Mrs. Gaa. *Id.* GPD officers who responded to the scene observed bruising and swelling to the right side of Mrs. Gaa's face, brusing to her left upper arm, and cuts and abrasions to the right elbow area. *Id.* At the time of these alleged events, Defendant was on pre-trial release for CF0080-18 and CF0208-18. Mrs. Gaa is also the alleged victim in both 2018 matters.

On June 12, 2020, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $3,000.00 cash bail. *See* Commitment Order, May 19, 2020. The Government did not file a written opposition, but orally opposed the Motion at the Motion Hearing.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the three thousand dollars ($3,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Jun. 12, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

    (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
    (2) the history and characteristics of the person charged, including:
        (i)      length of his/her residence on Guam;

(ii) his/her employment status and history, and financial condition;

(iii) his/her family ties and relationships;

(iv) his/her reputation, character and mental and physical condition;

(v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi) his/her history relating to drug or alcohol abuse;

(vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with safety of the community and Defendant's ability to exert self-control. This is Defendant's third felony family violence case with the same alleged victim. The Court is aware of the history of the parties and is mindful of the alleged victim's previous desire to maintain contact with Defendant as they are still married. The Court is concerned, however, with seriousness of the allegations that form the basis of this instant matter. Defendant is alleged to have thrown Mrs. Gaa to the ground and squeezed her neck preventing her from breathing. Strangulation is one of the most lethal forms of domestic violence. Additionally, Defendant is alleged to have struck Mrs. Gaa in the face several times, causing bruising and swelling.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns at this time. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination.

**IT IS SO ORDERED,** *nunc pro tunc* to June 29, 2020, this ___**JUN 3 0 2020**___.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

---

*People v. Gaa*
Case No. CF0270-20
Decision and Order